THE C. & N. W. R'Y CO. v. WILLIAM DUNN.

1. **Railroads**: TORTS: LIABILITY OF ONE JOINT WRONG-DOER TO ANOTHER. While it is a general rule that no contribution can be enforced as between joint wrong-doers, there are some exceptions to the rule; and where defendant wrongfully removed a gate which plaintiff had erected to keep live stock off its right of way over defendant's land, whereby the horse of a third party got upon plaintiff's track and was killed by a passing train, and plaintiff, on account of its negligence in not having the gate replaced, was compelled to pay the value of the horse to the owner thereof, *held* that plaintiff was entitled to recover of the defendant the amount so paid for the horse.

*Appeal from Clinton Circuit Court.*

FRIDAY, OCTOBER 20.

THE plaintiff's petition alleges that it is a duly organized corporation, and that during the month of February, 1881, it was operating a line of railway in Clinton county, passing through a farm occupied by defendant; that where plaintiff's railway passes through defendant's farm plaintiff had its right of way fenced against live stock running at large, and had constructed and maintained a private crossing for the accommodation of defendant, and erected gates at said crossing for the purpose of keeping live stock off of its right of way, which gates plaintiff at all times used due care and diligence to keep closed; that on the 20th day of February, 1881, defendant wrongfully removed one of said gates from its hinges, and left the same open, by means whereof a certain horse, belonging to one Martin Engle, got upon the track of plaintiff, and was killed. Plaintiff further states that defendant had wrongfully and willfully committed a trespass upon plaintiff's property, by taking down its said gate, as aforesaid, and that such trespass had been committed about one month prior to the time that the horse of said Engle was killed, and said gate had remained open ever since; that said horse entered upon the track of the railway through the gate so taken down

by said defendant, and plaintiff says that, as between said Engle and the plaintiff, the plaintiff, as a matter of law, was guilty of negligence in not again putting up said gate, and by reason of such negligence the plaintiff became, and was, liable for the value of said horse, and was compelled to, and did, pay the same to said Engle, to-wit: the sum of $110, being the fair value of said horse. Plaintiff avers that said horse was killed solely by reason of the trespass committed by said defendant in taking down plaintiff's gate, and that defendant is estopped from setting up the negligence of the plaintiff as to Engle, in his defense. The plaintiff prays judgment for $110. The defendant's demurrer to this petition was sustained, and judgment was rendered against the plaintiff for costs. The plaintiff appeals.

*Hubbard, Clark & Dawly*, for appellant.

*Aylett R. Cotton*, for appellee.

DAY, J.—Under the allegation of the petition, the defendant was guilty of an active wrong. For the purpose of protecting him from injury the company owed him no duty, and was under no obligation. If the defendant's horse had strayed upon the railway through the gate and been injured, he could not, except in a case of gross negligence upon the part of the company, recover therefor. *Russell v. Hanly*, 20 Iowa, 219 (221). The defendant having by his willful act removed the gate, and enabled Engle's horse to pass upon the railroad track and be injured, Engle might have maintained an action directly against the defendant for the injury. See *Russell v. Hanly, supra.* But the railway company was passively guilty of a wrong, as to a third person, in permitting the gate to remain down so long a period; hence, the company was under legal obligation to compensate the owner of the horse for the injury. It is claimed that the plaintiff cannot recover of the defendant because the plaintiff is a joint wrongdoer, and because the liability of the plaintiff to pay for the

horse arose from its own negligence.   It is a general rule that no contribution can be enforced as between joint wrong-doers. In Cooley on Torts, after a recognition of this general rule, the following language is employed, "But there are some exceptions to the general rule which rest upon reasons at least as forcible as those which support the rule itself.   They are of cases where, although the law holds all the parties liable as wrong-doers to the injured party, yet, as between themselves, some of them may not be wrong-doers at all, and their equity to require the others to respond for all damages may be complete.   There are such cases where the wrongs are unintentional, or where the party by reason of some relation is made chargeable with the conduct of others."   Cooley on Torts, p. 145.

That the plaintiff's negligence did not constitute the omission of any duty which the plaintiff owed the defendant is apparent from the fact that, if the defendant's horse had escaped through the gate upon the track of the railway and been injured, the defendant would have been without remedy.   The case falls fully within the principle of those cases in which it has been held that a municipal corporation, which has been compelled to pay damages to a party injured because of an obstruction upon or excavation in a street, may recover from the party causing the excavation or obstruction.   See *City of Chicago v. Robins*, 2 Black., 418; s. c., 4 Wall., 657;   *Town of Lowell v. B. L. Ry. Co.*, 23 Pick., 24; *City of Ottumwa v. Parks*, 43 Iowa, 119; *City of Souix City v. Weare*, 95 ante.

The demurrer was improperly sustained.

                                                        REVERSED.