CITY OF DES MOINES v. BARBER ASPHALT CO. et al.

(District Court, S. D. Iowa, C. D.    June 13, 1913.)

No. 97-M.

1. MUNICIPAL CORPORATIONS (§ 327*)—CONTRACTS—STATUTES—EFFECT ON EXISTING CONTRACTS.

A statutory provision relating to cities cannot be read into a contract with a city which was of a class expressly excluded from the operation of such provision when the contract was made, but was later made applicable by amendment.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 850; Dec. Dig. § 327.*]

2. INDEMNITY (§ 13*)—LIABILITY FOR INJURIES FROM DEFECTIVE STREET—RECOVERY OVER AGAINST CONTRACTOR.

Defendant paved a street under a contract with a city which required it to make any repairs needed at any time within seven years on ten days' notice, or to pay the reasonable cost of such repairs. The pavement became defective, because of a hole, within the time, and the city notified the contractor to repair it; but it did not, and a woman, who stepped into the hole and was injured, recovered a judgment against the city which it paid. Held, that it could not recover over against the contractor, since it was primarily under the duty to keep the street in repair, which duty it neglected, although it had knowledge of the defect and could have repaired it, and recovered therefor from defendant under the contract, which gave defendant the option to make the repairs or pay for them.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29-35; Dec. Dig. § 13.*]

At Law. Action by the City of Des Moines against the Barber Asphalt Company and the United States Fidelity & Guaranty Company. On demurrer to petition. Demurrer sustained.

Robert O. Brennan, City Sol., of Des Moines, Iowa, for plaintiff.
John M. Read, of Des Moines, Iowa, for defendants.

SMITH McPHERSON, District Judge. In July, 1905, the city and defendant Asphalt Company entered into a written contract for the paving of a street; the Guaranty Company being a surety only for the Asphalt Company. At that time the city was a city of the first class under the statutes of Iowa. After the contract was made and the paving was completed, the city under a statute of the state was changed from a city of the first class to one under a commission form of government, commonly known as the "Des Moines plan." This fact is of importance, because of two other statutes to be noticed herein later. The paving was completed during the summer and fall of 1905. The contract provided that the material and workmanship should be such—

"that the pavement shall endure, without need of repairs, during a period of seven years from and after the completion thereof."

Failing in which the contract provides:

"Then the contractor will, within ten days from the time of being notified of such defect, make the same good or will pay to the city of Des Moines the reasonable cost of remedying such defect."

The contract also provides that:

"The above obligation to maintain said improvement in good condition and repair shall continue and remain in force."

All the foregoing provisions are in writing. In print it was agreed that for any breach of the contract, followed by an action, a judgment against the city should be conclusive as to the liability of the Asphalt Company.

Within the limits of the paving, and within the seven years, by reason of disintegration of the paving near a street corner, a hole two or more feet both in length and width, and two or more inches in depth, existed. The city served a written notice on the Asphalt Company to repair the defect, to which the Asphalt Company gave no attention. Later on a lady stepped into the hole, receiving a serious bodily injury. For such injury the lady brought an action, resulting in a judgment against the city for $4,000, which the city has paid, with interest and costs. To recover said amount this action is brought. After the lady brought her action the city served a written notice on these defendants to appear and defend against said claim, to which the defendants gave no attention. To the petition herein the defendants have demurred, which issue of law is now for decision.

[1] Iowa has five kinds of municipal forms of government, each varying as to powers and liabilities from the other four: (1) Cities under special charters, created by special statutes. (2) Cities of the first class, created under general law, in excess of a designated popula-

tion. Des Moines was such when the contract was made and the paving done. (3) Cities of the second class, having a designated population less than the last preceding, existing under general laws. (4) Incorporated towns. (5) Cities having a commission form of government, such as Des Moines now is.

The notice to appear and defend the action brought by the lady, the petition herein states, was under section 1053 of the Iowa Code of 1897. But that statute is a section of chapter 14, title 5, of the Code, with reference only to cities under special charter. The first section (933) of that chapter is as follows:

"General Provisions not Applicable. The provisions of this chapter shall apply only to cities acting under special charter, and no provisions of this Code, nor laws hereafter enacted, relating to the powers, duties, liabilities or obligations of cities or towns, shall in any manner affect, or be construed to affect, cities while acting under special charter, unless the same have special reference or are made applicable to such cities."

In 1907 (Acts 32d G. A. c. 48, § 3) the Legislature amended the foregoing statute by providing that such statute should apply to a city such as Des Moines now is.

I conclude that neither of these statutes has any weight in the case at bar. Section 1053 of the Code applies only to cities under special charters. The statute of 1907 cannot be read into the contract. It is not a statute of procedure, nor remedy, but is one as to liability, and if carried back and made a part of the contract it would impair the same by creating a liability where one by statute did not exist when the contract was made. So that this case must be determined other than from these statutes. Plaintiff relies on some of the following cases:

In Ottumwa v. Parks, 43 Iowa, 119, a person for his own private purpose dug a cellar, without benefit or concern to the city, without a sufficient barrier. The city officers knew all this. A party fell into the cellar and was injured, for which he obtained a judgment against the city. The lot owner appeared and took part in the defense. It was held that the city could recover from the lot owner digging the cellar. But in that case there was a law by city ordinance prohibiting such a work without securing the same, so that no person fall therein.

Keokuk v. Independent District, 53 Iowa, 352, 5 N. W. 503, 36 Am. Rep. 226, was a like case, except there was no such ordinance. It was held that the city could not recover back the money thus paid by reason of a judgment paid off, rendered in a personal injury action against the city.

In Washington Gas Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712, there was a similar action. Judgment for a personal injury was rendered against and paid by the District. The defect was occasioned by the Gas Company, and the holding was that the District could recover the amount from the Gas Company. But the Supreme Court based its ruling on two propositions: The one was that the District, being liable in the first instance, was not a wrongdoer, and the Gas Company was; at most, the District was not a wrongdoer to the extent that the Gas Company was. The other

proposition was that it was the duty of the company to keep the gas box in repair for its personal use and gain, and not that of the city or District, which could only barricade it.

City of Chicago v. Robbins, 2 Black, 418, 17 L. Ed. 298, was a case in which the lot owner dug an areaway under a sidewalk, into which a person fell by reason of insufficient barriers. The city having paid the damages resulting from a judgment in a case as to which the lot owner was notified to defend, the Supreme Court held the lot owner must reimburse the city. See same case in 4 Wall. 657, 18 L. Ed. 427.

Railroad v. Dunn, 59 Iowa, 619, 13 N. W. 722, was a case wherein a gate had been opened and for such a time had been left open as to give constructive notice to the railroad company. A horse owned by another party through the open gate went on the track and was killed. The company was adjudged to pay the value of the horse to its owner. Thereupon the company was allowed a recovery against the party opening the gate. Those who care to collect other cases on the subject can do so by reading volume 4 of Rose's Notes, page 652, reviewing Robbins v. Chicago, 4 Wall. 657, 18 L. Ed. 427.

The proposition need only be stated, without argument, and without citation of authorities, that a city, having authority and supervision of its streets and sidewalks, is liable to a person who without fault is injured by reason of a defective street or sidewalk. Then the city can or cannot recover back from the one who occasioned the defect, owing to the facts.

[2] It is a general rule that one wrongdoer cannot compel a cowrongdoer to contribute the whole or part of the damages. To this rule there are two important exceptions: The one exception is that if one wrongdoer is not equally criminal or at fault, he may recover back what he has been compelled to pay from the other wrongdoer, who is the more culpable. This is illustrated by the Supreme Court in the Washington Gas Company Case, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712, hereinbefore cited. The second exception, although blended with the first, is that if the one wrongdoer, who has been compelled to pay damages, was only passively negligent, he may recover from the other wrongdoer, who put the wheels in motion, and by his affirmative act of negligence caused the injury. And such are all the cases hereinbefore cited. And see 2 Dillon on Municipal Corporations (4th Ed.) § 1035. But it is believed no case can be found wherein a recovery back has been allowed if both wrongdoers were only passively negligent, or where both wrongdoers were actively and affirmatively negligent. To otherwise hold puts a premium on indolence or inefficiency of city officers. In the case at bar the city had actual notice of the defect, because it notified the Asphalt Company of such defect. The officers of each trifled with the situation, trusting no one would be hurt, and then each gambled with the proposition as to who would pay the damages if a person did get hurt. There is no equity in favor of either of the wrongdoers as against the other. It is merely a question, not of state law, but of the common law, as was held in the Robbins Case, 2 Black, 418, 17 L. Ed. 298.

It was the absolute duty by law of the city to keep its streets in safe

condition. It was the duty, as contended, of the Asphalt Company by contract to keep the street in good condition for seven years. Neither was guilty of an affirmative or purposed wrong. Each was passively negligent. It will be observed that the contract between the city and the Asphalt Company recites that after notice of a defect, by the city to the Asphalt Company, the latter must either remedy the defect *or* it must pay to the city the reasonable cost for remedying the defect. The company had its election. By acquiescence it elected to pay such reasonable cost. The city all the time was primarily liable for all results growing out of such defect. It had no election. And no valid suggestion can be made why the city officers, knowing of such defect, did not repair it and then call for reimbursement.

The demurrer will be sustained; and, as plaintiff declines to amend, the case is dismissed.