**Robert L. SVEDLUND, Plaintiff,**

**v.**

**PEPSI COLA BOTTLING CO. OF HA-WAII, Ltd., Defendant and Third-Party Plaintiff (Kaneohe Marine Corps Air Station Exchange and United States of America, Third-Party Defendants).**

**Civ. No. 1625.**

United States District Court
D. Hawaii.

May 7, 1959.

Martin Anderson, Honolulu, Hawaii, for defendant and third-party plaintiff. Anderson, Wrenn & Jenks, Honolulu, Hawaii, of counsel.

Arthur B. Reinwald, Honolulu, Hawaii, for third-party defendants. Robertson, Castle & Anthony, Louis B. Blissard, U. S. Atty., District of Hawaii, Honolulu, Hawaii, of counsel.

McLAUGHLIN, Chief Judge.

Pursuant to the motion to dismiss the third-party complaint of Pepsi Cola Bottling Co. of Hawaii, Ltd., served upon Kaneohe Marine Corps Air Station Exchange and United States of America as joint third-party defendants on the ground that it fails to state a claim upon which relief can be granted for the reason that under Rule 14(a)[1] of the 1957 Federal Rules of Civil Procedure, 28 U.S.C.A. it fails to show that the third-party defendants are or may be liable to the defendant and third-party plaintiff for all or any part of the plaintiff's claim against him, the pleadings of the third-party plaintiff have been examined to determine their sufficiency. Hereafter the third-party plaintiff shall be referred to as Pepsi Cola and the third-party defendants as the Exchange.

The factual situation pleaded reveals that: Robert L. Svedlund, an enlisted man in the United States Marine Corps at the time of the alleged injury, stationed at Kaneohe Marine Corps Air Station, Oahu, Territory of Hawaii, had been assigned by the Exchange to sell soft drinks at a refreshment stand in the Station stadium where a football game was in progress. While so doing and when serving a customer Svedlund was injured when a Pepsi Cola bottle he had just removed from the cooler burst or exploded in his hand. The bottle was the product of Pepsi Cola, and this suit for damages was brought by Svedlund against Pepsi Cola. Thereafter Pepsi Cola filed a third-party complaint against the Exchange and the United States jointly, as employers of Svedlund, alleging its freedom from negligence and stating that the injury was proximately caused by the negligence of the Exchange through its personnel in the handling of the bottles. In the alternative it has also been alleged that if it should be found negligent in any degree that such negligence was merely passive or secondary while the negligence of the Exchange was active or primary, and that if it should be held liable to the plaintiff for his injuries that Pepsi Cola is entitled to indemnification by the Exchange and the United States. The theory of recovery thus advanced as the basis for indemnity is active-passive negligence as these terms have been defined by the Restatement of Torts, § 441 (1), Comment (b).[2] An integral part of the issue involved in this case is the effect of the exclusionary provisions of 42 U.S.C.A. § 1651,[3] and 33 U.S.C.A. §

1. "[1] *Third Party Practice.* (a) *When Defendant May Bring in Third Party.* Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

2. "*b.*" "*Active*" and "*passive*" *negligence.* The cases in which the effect of the operation of an intervening force may be important in determining whether the negligent actor is liable for another's harm are usually, although not exclusively, cases in which the actor's negligence has created a situation harmless unless something further occurs, but capable of being made dangerous by the operation of some new force and in which the intervening force makes a potentially dangerous situation injurious. In such cases the actor's negligence is often called passive negligence, while the third person's negligence, which sets the intervening force in active operation, is called active negligence."

3. "*Liability as exclusive*

"(c) The liability of an employer, contractor (or any subcontractor or subordinate subcontractor with respect to the contract of such contractor) under this chapter shall be exclusive and in place of all other liability of such employer, contractor, subcontractor, or subordinate contractor to his employees (and their dependents) coming within the purview of this chapter, under the workmen's compensation law of any State, Territory, or other jurisdiction, irrespec-

901 et seq.,[4] made applicable by the former Act, i. e., whether this action would be barred by these exclusionary provisions of the Longshoremen's and Harbor Workers' Compensation Act, which Act is made applicable to persons like the plaintiff by 42 U.S.C.A. § 1651. The position of Pepsi Cola is that it is not so barred.

We are required to apply Rule 14(a)'s phrase "is or may be liable" in order to determine whether the pleadings assert an adequate factual basis on which to predicate a right of indemnity on the active-passive negligence theory. Simply stated, has a "claim"[5] been stated? The essentials of such a "claim" may be gleaned from the decisions of the courts, especially those in recent years.

One important element found to be a part, in varying degrees, of all Workmen's Compensation laws is the provision that the liability of the employer under its provisions shall be exclusive. It is apparent from even a brief inspection into the background of Workmen's Compensation statutes [6] that the employer has given a very adequate *quid pro quo* for this immunity from other liability. However, inroads have been made into this exclusive liability, often in the face of obvious legislative intent. In those cases in which the employer has been held additionally liable it has been justified by noting that between the third party and the employer, or indemnitor, there existed some independent legal relationship or duty.[7] The courts

tive of the place where the contract of hire of any such employee may have been made or entered into."

4. "§ 905. *Exclusiveness of liability.* The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

5. This Court is mindful of the simplified pleading provided for by Rule 8(a) (2) of the 1957 Rules of Civil Procedure and its interpretation by the United States Supreme Court in Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, and the United States Court of Appeals for the Ninth Circuit in Gruen Watch Co. v. Artists Alliance, 9 Cir., 1951, 191 F.2d 700, and Rennie & Laughlin, Inc. v. Chrysler Corp., 9 Cir., 1957, 242 F. 2d 208; and the spirit of these deci-

sions as they bear on this concept is the basis on which the motion to dismiss in the case at bar is viewed. Thereby we move to decide whether, as stated in Conley v. Gibson, supra, 355 U.S. at pages 45 and 46, 78 S.Ct. at page 102: "* * * it appears beyond doubt that the plaintiff [Pepsi Cola] can prove no set of facts in support of his claim which would entitle him to relief," and in so doing we shall consider whether the complaint, as stated in Gruen Watch Co. v. Artists Alliance, supra, 191 F.2d at page 705, "* * * construed in the light most favorable to Gruen [here Pepsi Cola], and with all doubts resolved in favor of the complaint's sufficiency, *stated* a claim on which relief could be granted." See also Comments on Proposed Amendments to Rules of Civil Procedure for the United States District Courts, by Judge Nordbye, 18 F.R.D. 105, at pages 108 and 109.

6. See informative opinion with cases and authorities cited in Kamanu v. E. E. Black, Ltd., 1956, 41 Hawaii 442.

7. Such a relationship or duty was found sufficient in: American District Telegraph Co. v. Kittleson, 8 Cir., 1950, 179 F.2d 946; Corrao v. Waterman S.S. Corporation, D.C.E.D.N.Y.1948, 75 F. Supp. 482; Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133; United States v. Rothschild International Stevedoring Co., 9 Cir., 1950, 183 F.2d 181; States S.S. Co. v. Rothschild International Stevedoring Co., 9 Cir., 1953, 205 F.2d 253; American President Lines v.

have reasoned that when the right of action against the employer was based solely on the relationship of the employee with his employer, or there was found no duty existing between the employer and the third party under the circumstances of the case, the liability of the employer to his employee under the Act should be upheld as exclusive. However, these compensation acts frequently have not barred the employee from going against the third party. In such instances where a minor degree of negligence warranted labeling the liability of the third party as inequitable there has been a natural build-up of decisional law in an effort to balance the scales of justice. In this law making there has been established a set of requirements, such as the above-mentioned legal relationship or duty, upon which to grant a right of action for indemnity.

In many jurisdictions another obstacle which has long operated as a rule of common law to bar recovery in these situations is the rule against contribution between joint tortfeasors. In Slattery v. Marra Bros., Inc., 2 Cir., 1951, 186 F.2d 134, at page 138, Judge Learned Hand, in reference to this problem, stated:

"* * * Such cases may perhaps be accounted for as lenient exceptions to the doctrine that there can be no contribution between joint tortfeasors, for indemnity is only an extreme form of contribution."

Courts have looked to the legislature to change this law,[8] adhering meanwhile to the rule that regardless of the degree of fault [9] if contribution between joint tortfeasors is sought under common law but involving a compensation statute they will leave the parties where they find them.[10] In those cases where recovery has been allowed, the courts, in working with this common law rule, often have striven to distinguish between indemnity and contribution [11] and

Marine Terminals Corp., 9 Cir., 1956, 234 F.2d 753.

But insufficient in: American Mut. Liability Ins. Co. v. Matthews, 2 Cir., 1950, 182 F.2d 322; Hagans v. Farrell Lines, Inc., 3 Cir., 1956, 237 F.2d 477; Bertone v. Turco Products, Inc., 3 Cir., 1958, 252 F.2d 726; Detroit Edison Co. v. Price Brothers Co., 6 Cir., 1957, 249 F.2d 3; Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 1954, 215 F.2d 368.

8. In Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, at page 285, 72 S.Ct. 277, at page 279, 96 L.Ed. 318, Justice Black states:
"In the absence of legislation, courts exercising a common-law jurisdiction have generally held that they cannot on their own initiative create an enforceable right of contribution as between joint tortfeasors. * * *
"We have concluded that it would be unwise to attempt to fashion new judicial rules of contribution and that the solution of this problem should await congressional action. * * *" Cf: American President Lines, Limited v. Marine Terminals Corp., D.C.N.D.Cal.1955, 135 F.Supp. 363, at page 365. See § 246–11 of the Revised Laws of Hawaii 1955 (Hawaii adopted the Uniform Contribution Among Tortfeasors Act in 1941).

9. In Peak Drilling Co. v. Halliburton Oil Well Cementing Co., supra, note 7, 215 F.2d at page 370, the court stated: "Indemnity thus turns on the kind and character, not the comparative degree of negligence which caused the injury."

10. In Slattery v. Marra Bros., Inc., 2 Cir., 1951, 186 F.2d 134, at page 139, Judge Learned Hand states:
"* * * So far as we can see therefore there is nobody of sure authority for saying that differences in the degrees of fault between two tortfeasors will without more strip one of them, if he is an employer, of the protection of a compensation act; and we are at a loss to see any tenable principle which can support such a result." Cf.: Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., supra, note 8; Union Sulphur & Oil Corp. v. W. J. Jones & Son, Inc., 9 Cir., 1952, 195 F.2d 93; Amerocean Steamship Co. v. Copp, 9 Cir., 1957, 245 F.2d 291.

11. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, note 7; American District Telegraph Co. v. Kittleson, supra, note 7; and Contra: Slattery v. Marra Bros., Inc., supra, note 10; Detroit Edison Co. v. Price Brothers Co., supra, note 7; and Peak Drilling Co. v. Halliburton Oil Well Cementing Co.,

cause the recovery to sound in contract rather than in tort, thereby saving the face of the common law rule and yet reaching a called-for equitable result.

Where protection against the possibility of inequitable liability has not been provided for by the express words in a contract,[12] the courts will often imply a contract of indemnity where it can spell it out of the special legal relationship between the parties. This may be implied from the terms of an existing contract or it may be implied merely from the legal relationship. The extent to which courts will at times go to get around the harshness of the common law rule where an exclusive provision of a compensation statute is involved and imply such a contract is exemplified in the decision of the United States Supreme Court in Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. There a doubtful, informal agreement was used to infer a valid contract and hence a duty thereunder to perform the services in a safe and proper manner. This contract implied by law thus formed the basis given for an award of indemnity when injury resulted from a breach.[13] The legal relationship found to exist is often referred to as an independent duty existing between the parties, such as a duty to provide a safe place of employment,[14] a duty to perform services in a safe manner,[15] a duty not to render a ship unseaworthy,[16] or the existence of some other duty which when breached has resulted in actionable injury and recovery from a third party.

Courts too at times prevent manifest injustice by resort to the concept of quasi-contract. However, these cases show that recovery is limited to those situations whereby the third party was held liable merely due to the operation of some statute,[17] certain species of absolute liability as unseaworthiness[18] or the liability of land owners for injuries caused to passers-by, and the vicarious liability of the master for acts of his servants within the scope of their employment.

The conflicting opinions among the circuits in dealing with these situations can best be explained as one of legal resourcefulness, used to reach the just result called for by the facts. There are of course conflicting views. Some courts strain to find a remedy to fit the situation.[19] Other courts are adamant and strictly adhere to the clear meaning of the compensation acts and the formal rules of law.[20] Just as conflicting are

supra, note 7. But see: Hagans v. Farrell Lines, supra, note 7.

12. However, these contracts have been strictly construed. Lane v. Celanese Corp. of America, D.C.N.D.N.Y.1950, 94 F.Supp. 528. And one cannot contract away non-delegable duties and thereby shift the burden caused by one's own negligence. United States v. Harrison, 9 Cir., 1957, 245 F.2d 911.

13. See dissenting opinion by Justice Black.

14. American District Telegraph Co. v. Kittleson, supra, note 7; United States v. Rothschild International Stevedoring Co., supra, note 7; Cf: American President Lines v. Marine Terminals Corp., supra, note 7.

15. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, note 7; American President Lines v. Marine Terminals Corp., supra, note 7.

16. States S.S. Co. v. Rothschild International Stevedoring Co., supra, note 7;

Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, note 7.

17. Pfarr v. Standard Oil Company, 1914, 165 Iowa 657, 146 N.W. 851, L.R.A. 1915C, 336. See cases cited in States S.S. Co. v. Rothschild International Stevedoring Co., supra, note 7.

18. Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; United States v. Arrow Stevedoring Co., 9 Cir., 1949, 175 F.2d 329; Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, note 7. See Prosser on Torts, pp. 602–605, and cases cited.

19. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, note 7; United States v. Rothschild International Stevedoring Co., supra, note 7.

20. Bertone v. Turco Products, Inc., supra, note 7; Detroit Edison Co. v. Price Brothers Co., supra, note 7; Public Service Electric & Gas Co. v. Waldroup, 1955, 38 N.J.Super. 419, 119 A.2d 172; Slat-

602

these decisions in the manner in which they reveal the essential facts they have discovered or inferred as an adequate basis for allowing recovery while paying lip service to the degrees of negligence involved.[21] And, of course, the difference in the degrees of negligence should not be discounted as it is undoubtedly the underlying reason for the court's efforts.

In the light of judicial pronouncement as to the requirements for indemnity under the Compensation Act made applicable based on active-passive negligence in third-party practice pursuant to Rule 14(a) of the 1957 Federal Rules of Civil Procedure it is clear that successfully to state a "claim" so that the named third-party defendants "is or may be liable to him" there must be alleged some facts from which may reasonably be inferred a special relationship, or other unique facts from which may be implied a contract of indemnity. This Pepsi Cola has failed to do, even by the most lenient interpretation of the third-party complaint. The "claim" described rests solely on or comes about through the injury of the plaintiff, Svedlund, and his relation thereby with his employer. There is a total absence of any basis on which to establish any additional relationship between Pepsi Cola and the United States and the Exchange which would call for indemnification.

The contention of Pepsi Cola that the exclusive remedy provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905, is limited by 42 U.S.C.A. § 1651(c) is without merit. These exclusionary provisions are intended to operate within entirely different and separate concepts. While the effect of 33 U.S.C.A. § 905 has been discussed above, it is clear that this should apply to Pepsi Cola, as the very purpose of the Defense Base Compensation Act, 42 U.S.C.A. § 1651, was to extend the benefits of the Longshoremen's and Harbor Workers' Compensation Act to persons like the plaintiff, Svedlund. Subsection (c) merely provides that the benefits of 33 U.S.C.A. § 901 et seq. shall be an exclusive remedy and in place of Compensation Laws of any State, Territory, or other jurisdiction.[22]

The motion to dismiss is granted, with leave to the defendant and third-party plaintiff, Pepsi Cola, to amend within 10 days.

tery v. Marra Bros., Inc., supra, note 10. See cases collected in Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, note 7; and Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., supra, note 8.

21. In Slattery v. Marra Bros., Inc., supra, note 10 Judge Learned Hand, in referring to United States v. Rothschild International Stevedoring Co., 9 Cir., 1950, 183 F.2d 181—the decision principally relied upon by Pepsi Cola in its memo-

randum in support of its third-party complaint—stated:

"* * * However, it is not clear that the decision did not presuppose that the Stevedore failed in the performance of its contract with the ship; in which event the only difference between us is in the interpretation of such a contract."

22. Huhn v. Foley Bros., 1946, 221 Minn. 279, 22 N.W.2d 3; State ex rel. Haddock Engineers v. Swope, 1952, 56 N.M. 782, 251 P.2d 266.