Marvin **SLECHTA**, Plaintiff,

v.

GREAT NORTHERN RAILWAY COMPANY, Defendant and Third Party Plaintiff,

v.

BARTLETT & COMPANY, GRAIN, Third Party Defendant.

Civ. No. 1148.

United States District Court
N. D. Iowa, W. D.

Jan. 10, 1961.

John W. Gleysteen and Robert R. Eidsmoe (of Harper, Gleysteen & Nelson), Sioux City, Iowa, for plaintiff.

Wiley E. Mayne and D. C. Shull (of Shull, Marshall, Mayne, Marks & Vizintos), Sioux City, Iowa, for defendant and third party plaintiff.

Frank Jacobs of Sifford & Wadden, Sioux City, Iowa, for third party defendant.

MICKELSON, District Judge.

The plaintiff, Marvin Slechta, was employed by Bartlett & Company, Grain, hereinafter referred to as Bartlett, at its Sioux City, Iowa, grain elevators. Slechta suffered personal injuries during the course of his employment when he was thrown from a moving boxcar onto the ground. At the time of the accident, which occurred on December 2, 1957, Bartlett was engaged in moving an empty boxcar on the spur track which was used by Bartlett as a part of its grain elevator operation. Bartlett normally moved empty boxcars in the following manner: the empty cars were moved from the loading and unloading shed by Bartlett employees, who would pull the cars with a pickup truck by use of a cable. After the car was set in motion in this manner, the cable was disengaged and the boxcar was either allowed to roll to the desired location on the spur track or was stopped by application of the handbrake.

On this particular occasion, the boxcar was not brought to a stop, but struck the wheel stops at the end of the spur track, and Slechta, who was on the boxcar for the purpose of applying the handbrake, was thrown to the ground and sustained severe personal injuries.

Bartlett's liability to its employee, Slechta, was governed by the provisions of the Iowa Workmen's Compensation Act, ch. 85, Code of Iowa 1956, I.C.A. Slechta received workmen's compensation benefits for his injuries. The Iowa Workmen's Compensation Act allows an injured employee to recover compensation under the Act and also proceed against any negligent third party in a common law action for negligence. Sec. 85.22, subd. 1. Slechta brought suit against the Great Northern Railway, alleging it had provided Bartlett with a boxcar having a defective handbrake, in violation of the federal Safety Appliance Act, 45 U.S.C.A. § 11, and that such vio-

lation constituted negligence which prox-imately caused his injuries.

Great Northern filed a third party complaint against Bartlett, Slechta's employer, asking for indemnity or in the alternative contribution from Bartlett in the event of recovery of judgment by Slechta against Great Northern. Great Northern's third party complaint charges that Bartlett was negligent in the following particulars, and that such negligence proximately caused Slechta's injuries: (a) In failing to instruct plaintiff as to the proper method of applying and using handbrakes; (b) In failing to instruct plaintiff in the proper use of the dog when applying and using handbrakes; (c) In pulling the boxcar on which plaintiff was riding at an excessive and unreasonable speed immediately before the accident; (d) In towing the boxcar with a pickup truck a greater distance than was reasonable and proper under the circumstances; (e) In ordering plaintiff to stop said boxcar too close to the end of the said spur track when third party defendant knew, or should have known, in the exercise of reasonable care, that said boxcar could not be stopped before hitting the car stops at the end of said spur track; (f) In ordering plaintiff to get onto the moving boxcar in an attempt to stop it by applying the handbrakes when third party defendant knew, or should have known in the exercise of reasonable care, that the said boxcar would be moved too fast under the circumstances then and there existing to permit plaintiff to bring it to a stop.

After Great Northern had rested its case and again at the close of all the evidence, Bartlett moved the court to dismiss the third party complaint. The parties agreed, before the case was submitted to the jury, that the question of whether Great Northern was entitled to either indemnity or contribution would be for the court to determine in the event that the jury returned a verdict in favor of Slechta against Great Northern and made affirmative answers to the following interrogatories: (A) Was Bartlett & Company, Grain, negligent in any one or more of the ways claimed by Great Northern Railway Company? (B) If the answer to Question "A" is yes, was the negligence of Bartlett & Company, Grain, a proximate cause of plaintiff's injury?

The jury returned a verdict in favor of Slechta and against Great Northern in the sum of $30,000 and answered both interrogatories affirmatively.

The questions now for determination by the court are:

(1) Is Great Northern entitled to be indemnified by Bartlett for the judgment recovered against it by Bartlett's employee, Marvin Slechta?

(2) In the alternative, is Great Northern entitled to contribution from Bartlett?

### Question No. 1.
### Is Great Northern Entitled to Indemnity?

Bartlett contends that indemnity cannot arise unless there is an independent contractual duty owed by it to Great Northern and that there being no pleading or evidence of such duty, indemnity must fail.

In its brief Great Northern admits there was no duty owed it by Bartlett since there was no contractual relationship between them. Great Northern contends that the existence of such a duty is not necessary in Iowa for indemnity, and cites Chicago & Northwestern Ry. Co. v. Dunn, 1882, 59 Iowa 619, 13 N.W. 722, and Rozmajzl v. Northern Greyhound Lines, 1951, 242 Iowa 1135, 49 N.W.2d 501, for the proposition that indemnity lies where the negligence of the one seeking indemnity is passive while that of the one from whom indemnity is sought is active. These cases merely hold that Iowa is one of those jurisdictions allowing the so-called "lenient exception" to the general rule which prohibits contribution or indemnity between joint tortfeasors. Under this exception, a party made to answer in damages to an injured plaintiff is entitled to be indemnified by his co-tortfeasor if his

negligence was merely passive or secondary while that of his co-tortfeasor was active or primary.

In the case of Slattery v. Marra Bros., 2 Cir., 1951, 186 F.2d 134, 138, Chief Judge Learned Hand, speaking for the Court, said:

"* * * (T)hat courts have at times based indemnity merely upon a difference between the kinds of negligence of the two tortfeasors; as for instance, if that of the indemitee is only 'passive,' while that of the indemnitor is 'active.' Such cases may perhaps be accounted for as lenient exceptions to the doctrine that there can be no contribution between joint tortfeasors, for indemnity is only an extreme form of contribution."

■ The Dunn case and the Rozmajzl case are free from any considerations of what effect the Iowa Workmen's Compensation Act has on the right to recover either contribution or indemnity from an employer who has discharged his obligation to his employee under the Act. Courts construing the various state workmen's compensation statutes and federal courts construing the similar federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., have consistently held those acts to be a bar to any action for contribution or indemnity against an employer, by a negligent third party against whom the employee has recovered judgment, where the action is based upon a mutual liability to the injured plaintiff. There can be no recovery of contribution or indemnity from the employer when the employer and third party are under a common liability to the injured employee as joint tortfeasors. Johnson v. United States, D.C.E.D.N.C.1955, 133 F.Supp. 613.

Where indemnity has been allowed against the employer there has been found an independent contractual relationship between the employer and the negligent third party which has created some duty owing the third party by the employer which the employer has breached, creating the obligation to indemnify the third party.

"But the exclusionary provisions of workmen's and longshoremen's acts have been consistently construed to preclude the right of indemnity to one negligently liable to an employee of an employer in the absence of some independent contractual relationship creating a duty on the part of the employer to indemnify." Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 1954, 215 F.2d 368, 371.

■ Great Northern insists that the decision of the Eighth Circuit Court in American District Telegraph Co. v. Kittleson, 8 Cir., 1950, 179 F.2d 946, construing the effect of the Iowa Workmen's Compensation Act on the right of a third party seeking indemnity from the employer, establishes that the Iowa act does not bar recovery of indemnity from the employer. To so construe the Kittleson case is not to recognize that there is a distinction between contractual indemnity, i. e., the indemnity arising from a contractual relationship between indemnitor and indemnitee, and the type of indemnity involved in the Dunn and Rozmajzl cases, supra, which is the type of indemnity Great Northern seeks here. This latter type of indemnity is grounded on a common liability toward the injured plaintiff and in this respect is similar to contribution. It requires no contractual relationship or duty between indemnitor and indemnitee. They are merely joint tortfeasors. Though both are at fault with respect to the injured plaintiff, if the negligence of one is passive while that of the other is active, indemity will lie against him whose negligence is active. However, there can be no common liability to the employee when the liability of the employer is governed by the terms of a workmen's compensation act and the liability of the third party is based on common law negligence. American District Telegraph Co. v. Kittleson, supra. When the injured party cannot proceed against one of the joint

tortfeasors because of some personal defense that party might have, there is no common liability existing between the alleged joint tortfeasors. Hendrickson v. Minnesota Power & Light Company, Minn.1960, 104 N.W.2d 843; Koenigs v. Travis, 1956, 246 Minn. 466, 75 N.W.2d 478. Consequently, when the employee cannot proceed against his employer in an action for damages because his employer is protected from such action by a workmen's compensation act, there is no common liability between the employer and the third party to the employee, and no right to the indemnity that requires a common liability.

In the Kittleson case, the right of American District Telephone and Telegraph to recover indemnity from Armour was based squarely on the breach by Armour of the duty it owed American to provide a safe place to work. Recovery was not allowed on any theory of a common or joint duty owing to the injured employee, Kittleson.

That any right to recover indemnity from an employer who is liable to the employee under the terms of a workmen's compensation act must be based upon an independent contractual relationship which creates a duty owing the third party by the employer, see Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133; Crawford v. Pope & Talbot, Inc., 3 Cir., 1953, 206 F.2d 784; Rich v. United States, 2 Cir., 1949, 177 F.2d 688; Moretz v. General Electric Company, D.C.W.D.Va.1959, 170 F. Supp. 698; reversed General Electric Company v. Moretz, 4 Cir., 1959, 270 F. 2d 780, when the Fourth Circuit Court found there was an express agreement by the employer to properly load equipment before shipping it, and that the breach of this duty, owed to the third party, gave rise to a right to recover indemnity; Svedlund v. Pepsi Cola Bottling Co. of Hawaii, D.C.D.Hawaii 1959, 172 F.Supp. 597; Atella v. General Electric Company, D.C.D.R.I.1957, 21 F.R.D. 372; Finley v. United States, D.C.D.N.J. 1955, 130 F.Supp. 788; Whitmarsh v. Durastone Co., D.C.D.R.I.1954, 122 F. Supp. 806; Hendrickson v. Minnesota Power & Light Company, Minn.1960, 104 N.W.2d 843; Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567. Where no such independent contractual relationship and duty between employer and third party was found, indemnity was not allowed. Slattery v. Marra Bros., 2 Cir., 1951, 186 F.2d 134; Sientki v. Haffner, D.C.S.D.N.Y.1956, 145 F. Supp. 435.

Great Northern cites the very recent case of Waterman Steamship Corporation v. Dugan & McNamara, Inc., 81 S. Ct. 200, for the proposition that no direct contractual relationship need exist between employer and third party for the third party to recover indemnity from the employer. Admittedly this decision goes a step further than Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., supra, but it is still in accord with the rule which defeats Great Northern's right to recover indemnity here. In Ryan, there was a direct contractual relationship between the shipowner and the stevedore who employed the injured workman. It was held that as a result of the stevedore's agreement with the shipowner to load and unload cargo, the stevedore warranted to perform his services in a safe and proper manner. The stevedore had a duty which he owed the shipowner not to perform his services in an improper or unsafe manner. It was a breach of that duty owed the shipowner that allowed the shipowner to recover indemnity from the stevedore. In Ryan, the shipowner who sought indemnity hired the stevedore. There was thus a direct contractual relationship. The situation in Waterman was different in that the stevedore was engaged by the consignee of the cargo, and not directly by the shipowner. The United States Supreme Court held that this made no difference; there was still a warranty by the stevedore that he would perform his services in a safe and proper manner and this warranty inured to the benefit of the shipowner whether the ship-

owner hired the stevedore or he was hired by a consignee of the cargo.

Despite the lack of a direct contractual relationship between employer and third party in Waterman, there was still a duty owing the third party by the employer which occasioned the right to recover indemnity, and this duty owed the indemnitee was independent of any joint duty they might have owed the injured party. Thus the Waterman case is in accord with the authorities previously cited and is of no assistance to Great Northern in this case.

## Question No. 2.

### Is Great Northern Entitled to Contribution?

The effect of the Iowa Workmen's Compensation Act is to preclude recovery of contribution by a negligent third party from an employer who is liable to his employee under the Act, where the employee has recovered a judgment against such third party for injuries sustained. American District Telegraph Co. v. Kittleson, supra; Annotation, Effect of workmen's compensation act on right of third-person tortfeasor to recover contribution from employer of injured or killed workman, 53 A.L.R.2d 977 (1957). This is so because the right to recover contribution requires that there be a common liability to the injured employee. Chicago, Rock Island & Pacific Railroad Co. v. Chicago & Northwestern Railway Co., 8 Cir., 1960, 280 F.2d 110; American District Telegraph Co. v. Kittleson, supra. As discussed previously, there can be no common liability when one of the joint tortfeasors is the plaintiff's employer who is not answerable to his employee in an action for damages.

Despite the express holding in the Kittleson case that there is no common liability in such a situation, Great Northern insists that subsequent developments in the substantive law of Iowa have changed the rule in this regard. It urges that the court would have decided the issue of contribution differently if at the time of Kittleson Iowa had recognized the right of contribution between joint tortfeasors, and that the Iowa Supreme Court has since held that there is a right of contribution between joint tortfeasors where there is no intentional wrong, moral turpitude or concerted action between them. Hawkeye-Security Insurance Co. v. Lowe Construction Co., Iowa 1959, 99 N.W.2d 421; Constantine v. Scheidel, 1958, 249 Iowa 953, 90 N.W.2d 10; Best v. Yerkes, 1956, 247 Iowa 800, 77 N.W.2d 23, 60 A.L.R.2d 1354.

The court acknowledges that the above cited cases do alter the rule that existed in Iowa at the time of the Kittleson case and that Iowa now recognizes a right of contribution between joint tortfeasors. However, the reason that contribution was barred in the Kittleson case and the reason contribution is barred here is still as indicated above—there is no common liability between Great Northern and Bartlett to Slechta.

Counsel for Great Northern urge that the recent decision of the Eighth Circuit Court of Appeals in Chicago, Rock Island & Pacific Railroad Co. v. Chicago & Northwestern Railway Co., supra, expands the concept of "common liability" to include the situation where the liability of one wrongdoer is based on common law negligence and the liability of the other is governed exclusively by a workman's compensation statute. It is perhaps necessary to quote the language of the Court in that case which it is urged accomplishes this result.

"It is our view that much of the confusion and disagreement between the parties here is occasioned by the failure to consider the real meaning of 'common liability.' Rock Island contends that 'common liability is absent when one alleged tortfeasor is liable, if at all, only for negligence, and the other's liability is predicated upon a statute which supercedes the common law, and renders the second tortfeasor absolutely liable.' The essence of the action for contribution is *common liability* to the injured person, not liability for *common negligence,* or

*similar* negligence, **or** *like* negligence. Simply stated, common liability means that each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party." 280 F.2d at page 115.

 In the Rock Island case, the Northwestern Railway Co., whose liability to its employee Kleppe was fixed by the terms of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Federal Safety Appliance Acts, 45 U.S.C.A. § 1 et seq., settled Kleppe's claim against it for $70,000. The Northwestern then sought indemnity or contribution from Rock Island, which had delivered to Northwestern a car with a defective handbrake. It was this defective handbrake that had caused Kleppe's injuries. The Court held that although Northwestern's liability to Kleppe was fixed by statute and Rock Island's was based on common law negligence, there was nevertheless a common liability between them to Kleppe, and therefore contribution would lie. It must be noted that Northwestern, though Kleppe's employer, was nevertheless legally liable to answer in damages for Kleppe's personal injuries. Workmen's compensation was not involved. These federal statutes are not workmen's compensation statutes but established Northwestern's liability to its employee, Kleppe.

There was common liability toward Kleppe because both the Northwestern and Rock Island were answerable to him in damages. An employer protected by a workmen's compensation statute is not answerable in damages to an injured employee. The statute bars any action by the employee against his employer. As discussed previously, the rule is quite clear that there is no common liability when an action for damages against one of the joint tortfeasors is barred because of some personal defense that party can exert. Hendrickson v. Minnesota Power & Light Company, supra; Koenigs v. Travis, supra.

The Rock Island case does not alter the decision in the Kittleson case that there is no common liability when one of the concurrent wrongdoers is the employer of the injured person whose liability is governed exclusively by the terms of a workmen's compensation statute.

Accordingly, Great Northern's third party complaint against Bartlett must be dismissed. Counsel for Bartlett will prepare and submit to the court a judgment of dismissal.