GREAT NORTHERN RAILWAY COMPANY, Appellant,

v.

BARTLETT & COMPANY, GRAIN, Appellee.

No. 16785.

United States Court of Appeals
Eighth Circuit.

Jan. 5, 1962.

the elevator. From this place they are moved by Bartlett employees to the unloading pit of the elevator as needed. After unloading, the boxcars are moved from the "pit" by Bartlett employees to another position on the spur track for return to Great Northern. In the process of removing an unloaded boxcar from the "pit", Marvin Slechta, a Bartlett employee, was injured when he was thrown to the ground from the boxcar on which he was riding as a brakeman when it hit the wheel stops at the end of the spur track. As a result of that occurrence Slechta was paid disability benefits by Bartlett for the injuries so sustained, as provided by Iowa Workmen's Compensation Statute. (Chap. 85, I.C.A., § 1, etc.) Slechta thereafter brought suit against Great Northern for his injuries, alleging breach of duty by Great Northern in furnishing a boxcar to Bartlett with defective handbrakes in violation of the Safety Appliance Act (Sec. 11, Title 45 U.S.C.A.) which, in the normal and usual manner of unloading, Great Northern knew or should have known would be used by Bartlett employees in the manner that Slechta was using it at the time of his injury. Great Northern filed answer to Slechta's complaint and also filed a third-party claim against Bartlett, containing six allegations of negligence directed solely to Bartlett's breach of duty owed to Slechta, which Great Northern charged to be the proximate cause of Slechta's injuries. Upon allegations so framed in the third-party claim, Great Northern sought "contribution" and "indemnity" from Bartlett.

At the trial of Slechta's claim against Great Northern, the jury returned a general verdict in favor of Slechta and against Great Northern for $30,000.00 damages. The parties agreed before Slechta's claim was submitted to the jury that the question of whether Great Northern was entitled to either "indemnity" or "contribution" from Bartlett would be for the Court to determine in the event the jury returned a verdict in favor of Slechta against Great Northern and made affirmative answers to certain

D. Carlton Shull, Sioux City, Iowa, for appellant and Shull, Marshall, Mayne, Marks & Vizintos, Sioux City, Iowa, were with him on the brief.

Frank Jacobs, Sioux City, Iowa, for appellee and Sifford & Wadden, Sioux City, Iowa, were with him on the brief.

Before SANBORN, MATTHES and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Bartlett & Company, Grain, operates a grain elevator in Sioux City, Iowa, serviced by industrial spur tracks connected to the main line of the Great Northern Railway Company. Great Northern delivers shipments of grain in boxcars which are spotted on the spur track near

interrogatories propounded to it as to whether Bartlett was negligent in any one or more of the ways claimed by Great Northern. The jury answered such interrogatories in the affirmative, i. e. that "Bartlett was negligent in one or more ways as claimed by Great Northern" and that such negligence was "a proximate cause of (Slechta's) injury." On the verdicts so rendered the District Court entered judgment in favor of Slechta and against Great Northern. The Court ruled, however, that Great Northern was not entitled to "contribution" or "indemnity" from Bartlett under the third-party complaint and accordingly dismissed the same with prejudice and entered judgment in favor of Bartlett and against Great Northern thereon. It is from the latter judgment of the District Court that Great Northern prosecutes this appeal.

Diversity of citizenship and requisite amount in controversy are established in the record to sustain federal jurisdiction over this case.

Great Northern has now abandoned any claim for "contribution" as asserted by it against Bartlett in the District Court. In seeking reversal of the judgment appealed from Great Northern confines its claim of error to the District Court's refusal to grant it "indemnity".

In a memorandum opinion filed of record and reported as Slechta v. Great Northern Railway Co., D.C.N.D.Iowa, 189 F.Supp. 699, (1961) the District Court denied Great Northern indemnity on the ground:

> "That any right to recover indemnity from an employer who is liable to the employee under the terms of a workman's compensation act must be based upon an independent contractual relationship which creates a *duty* owing the third party by the employer." (189 F.Supp. loc. cit. 703, emphasis added).

In support thereof the District Court cited American District Telegraph Co. v. Kittleson, 8 Cir., 179 F.2d 946, (1950) and authorities from other jurisdictions, including the Supreme Court of the United States, and differentiated Iowa case law cited and relied on by Great Northern in support of its claim to indemnity.[1] In the light of the opinion of the District Court in Slechta v. Great Northern Railway Company, supra, and the issues as raised and presented in this appeal, it is not necessary that we sound out Iowa case law on the subject of indemnity between concurrent or joint tortfeasors.[2] To have the judgment appealed from vacated Great Northern contends that the District Court erred in ruling that "indemnity" sought by it "must be based upon an independent contractual relationship which creates a duty" because in "Iowa the existence of a contractual duty is not a necessary basis for indemnity." In support of such contention, Great Northern relies on the authorities cited in footnote *1* herein, and our opinion in American District

1. The authorities cited by Great Northern were as follows: Chicago & Northwestern Railway Co. v. Dunn, 59 Iowa 619, 13 N.W. 722 (1882); Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 49 N.W.2d 501, (1951). It is conceded by Great Northern "that there are no known Iowa decisions where a third party has sought indemnity from an employer because of damages sued for or collected by an injured employee from a third party." It says, however: "What the Iowa law would be under such facts has been interpreted" by this Court in American District Telegraph Co. v. Kittleson, supra.

2. That the law of Iowa, as elsewhere, "as to why and when indemnity should be allowed is in a clouded and unsatisfactory state" is patently demonstrated with much legal acumen by E. Eugene Davis, Esquire, a member of the Iowa Bar, in an article, "Indemnity Between Negligent Tortfeasors: A Proposed Rationale," 37 Iowa Law Review, p. 517. Such manuscript was especially recommended to the bench and bar, with commendation of Mr. Davis, by the Supreme Court of Iowa, in Best v. Yerkes, 247 Iowa 800, 807, 77 N.W.2d 23, 27, 60 A.L.R.2d 1354 (1956).

Telegraph Co. v. Kittleson, supra, and this additional assertion, first made in its after-trial motions filed in the District Court, namely: "Disregarding the question of a contractual relationship between Bartlett and Great Northern yet Bartlett owed Great Northern a *duty* when Great Northern delivered (the) boxcar * * * into its (Bartlett's) possession to handle and care for said boxcar in a manner that would not cause damage or injury to the Great Northern." It is a consequence of a breach of such duty, belatedly asserted by it, that Great Northern seeks reversal of the judgment appealed from in this case. Hence in the light of the premise of the judgment appealed from, as above stated by the District Court, and Great Northern's contentions supra, all that we need do is determine (1) whether the District Court properly applied the rule stated in the Kittleson case supra to the facts in the case at bar, and (2) whether there is any merit to the belated contention as asserted by Great Northern in its appeal.

In his memorandum opinion, Chief Judge Mickelson, sitting by assignment in the Northern District of Iowa, said:

> "In the Kittleson case, the right of American District Telephone and (sic) Telegraph to recover indemnity from Armour was based squarely on the breach by Armour of the *duty* it owed American to provide a safe place to work. Recovery was not (there) allowed on any theory of a common or joint duty owing to the injured employee, Kittleson." (189 F.Supp. loc. cit. 703, emphasis added.)

Such is a correct and terse statement of the premise of the opinion in American District Telegraph Co. v. Kittleson, supra. It is because Judge Mickelson also stated in his memorandum opinion that "an independent contractual relationship which creates a duty owing the third party by the employer" is necessary before "indemnity" might be had under the facts in this case that Great Northern premises error in his concoction of the judgment appealed from.

That the opinion of Judge Mickelson may be so read in part is no ground for any claim of error here. It is manifest from the opinion as a whole that the "duty" of which the District Court there speaks is one which is the essential element and the *sine qua non* to any liability of Bartlett for indemnity under the facts here. The District Court correctly perceived it to be a "duty" imposed by law that would give Great Northern a direct right of action against Bartlett if it was found existent. Particularly is that apparent as a consequence of the barrier to liability afforded Bartlett by Iowa's Workmen's Compensation Statute to Slechta for any negligence on its part in causing injury to him. In other words, it is apparent from the memorandum opinion filed by Judge Mickelson that he properly ruled that only a breach of duty by Bartlett directly owing to Great Northern would sustain a right of indemnity as here claimed in consequence of the provisions of Iowa's Compensation Act. It was from that same vista of Iowa's Compensation Act, supra, that this Court ruled in the Kittleson case that a claim of "indemnity" was properly alleged in the third-party complaint there considered. The opinion in the Kittleson case was premised in this factual proposition: Armour had employed American to do certain work on its premises. Armour thereby had a duty owed directly to American to provide a "safe place" for it to perform such work. Armour breached that duty. The duty so perceived arose out of a contractual relationship between Armour and American. That contract did not contain any reference to the safe condition of Armour's premises. Regardless, by reason of the relationship so established it was ruled that Armour had the "duty" as the possessor of land to not subject American to harm by any natural or artificial condition thereon which Armour knew existed or by the exercise of reasonable care on its part should have known existed. Such "duty" did not arise from the terms of the contract between Armour and American District Telegraph. It was one implied in

law and is comparable to that held to be actionable in Restatement of Law, Torts, § 343, p. 938, etc., and 12 Am.Jur., p. 1042, § 459.[3]

In the case at bar Great Northern now apparently, though belatedly, recognizes that only some breach of independent duty owing to it by Bartlett will sustain its claim to "indemnity" as here asserted. Hence it now takes the stance that Bartlett owed it a "duty" arising out of a relationship of bailor and bailee which it says was established by the evidence adduced before the District Court. That position was first assumed by Great Northern after trial and judgment was entered in the District Court and notwithstanding the fact that it stated before the District Court before judgment was entered, "that there was no duty owed to Great Northern by Bartlett" and its third-party claim was presented to the District Court on that theory. In a "Supplemental Memorandum Decision" filed by Judge Mickelson in this case, but not officially published, it is stated among other things:

"The Court concludes that in view of the fact Great Northern neither pleaded the existence of a duty owed it by Bartlett nor offered any proof to establish such a duty, and requested no instruction to the jury thereon, and having admitted in its brief that no duty existed, Great Northern cannot at this late date urge the existence of a duty as a basis for the recovery of indemnity from Bartlett. Accordingly, the (after) trial motion of Great Northern is denied."

Thus it is established that the one hypothesis proffered by Great Northern to have the judgment appealed from vacated was first raised in the District Court after trial and judgment was entered against it.[4]

In Slechta v. Great Northern Railway Company, supra, the District Court demonstrates what Great Northern relied on in its third-party complaint seeking indemnity from Bartlett, was allegations of acts of negligence by Bartlett in breach of a duty claimed to be owed to Slechta. It is within the ambit of such allegations and theory of claim that Great Northern now says Bartlett was shown to have had a duty to it, such as was sustained by this Court in the Kittleson case, supra. That the allegations contained in the

3. "Where a contractual relationship exists between persons and at the same time a duty is imposed or arises out of the circumstances surrounding or attending the transaction, the breach of the duty is a tort. In such case the tortious act, and not the breach of the contract, is the gravamen of the action; the contract is the mere inducement creating the state of things which furnishes the occasion for the tort. In other words, a tort is distinguished from a breach of contract in that the latter arises under an agreement of the parties, whereas the tort is ordinarily a violation of a duty fixed by the law, independent of contract or the will of the parties although it may sometimes have relation to obligations growing out of or coincident with a contract." 52 Am.Jur., § 26, pp. 379–380. See also, 12 Am.Jur. § 459, 1042.

4. Great Northern now takes the position that though a breach of "duty" was not stressed by it before the District Court this Court should apply the applicable law to the facts adduced before the District Court although the parties and the trial court did not. In other words it seeks an "equitable review" of the breach of "duty" claim it belatedly asserts against Bartlett. Equitable review is shrouded in limitations, one of which is that it must appear that the parties took advantage of the "opportunity to offer all the evidence they believe relevant to the issues which the trial tribunal is alone competent to decide" and that it is only "questions of law which were neither pressed nor passed upon by the court or administrative agency below" which are decisive of the rights of the parties "as justice may require." Hormel v. Helvering, 312 U.S. 552, 556–557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1940). If that situation is not shown to exist on appeal, then having tried a claim on one of two possible theories a District Court's judgment should not be overthrown because it did not, after trial, accept an opposite theory, as to which no evidence was adduced. Cf. Gruver v. Commissioner of Internal Revenue, 2 Cir., 142 F.2d 363.

third-party complaint and theory of claim as prosecuted by Great Northern in the District Court are not compatible, but inconsistent, with the facts and ruling made in the Kittleson case, supra, is manifest from these considerations. Great Northern's liability to Slechta was not shown to have been premised in any breach of conduct chargeable to Bartlett. The jury by its verdict in this case fixed Great Northern's liability to Slechta because of Great Northern's violation of the Safety Appliance Act. Under that law Great Northern had the primary duty to furnish a boxcar that was not defective for use by employees of Bartlett. St. Louis-San Francisco Ry. Co. v. Ewan, 26 F.2d 619, 8 Cir. Seemingly, it is Great Northern's contention that Bartlett's failure to inspect that boxcar was an intervening cause of Slechta's injury that relieved Great Northern from liability for its failure to comply with the Safety Appliance Act, supra. Such is not a proper concept of applicable law to the facts here. (Cf. St. Louis-San Francisco Ry. Co. v. Ewan, supra.)

The Supreme Court of Iowa, in Best v. Yerkes, 247 Iowa 800, 77 N.W. 2d 23, 26, 60 A.L.R.2d 354, has stated: "The right to indemnity, or contribution, presupposes actionable negligence of both parties, toward a third person." That is to say, there must be a "common liability" between tortfeasors which "means that each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party." Chicago, R. I. & P. R. Co. v. Chicago & N. W. Ry. Co., 8 Cir., 280 F.2d 110, 115. Absent such common liability, there can be no equitable remedy for indemnity between joint tortfeasors under Iowa law. Best v. Yerkes, supra; Chicago, R. I. & P. R. Co. v. Chicago &

N. W. Ry. Co., supra. The barrier of Iowa's Compensation Act prevents any "common liability" on the part of Bartlett and Great Northern to Slechta in this case. It is for that reason that Great Northern belatedly claims a breach of duty directly owing to it by Bartlett to sustain its claimed right to indemnity. But no fact appears in the record before us from which it may be inferred that Bartlett had any independent *duty*, contractual or one implied in law, owing to Great Northern which was breached by Bartlett. Absent some breach of independent duty on the part of Bartlett, directly owing to Great Northern, the latter is not entitled to indemnity in this case.

Conceivably, the Supreme Court of Iowa might sustain a right to indemnity as defendant here claims. However, to us, that appears improbable in the light of its opinion in Best v. Yerkes, supra. Under our decision in American District Telegraph Co. v. Kittleson, supra, which both parties concede to be the only expression of "what the Iowa law would be under these facts," and Chicago, R. I. & P. R. Co. v. Chicago & N. W. Ry. Co., supra, we do not perceive any independent liability on the part of Bartlett to indemnify Great Northern under the facts in this case. Therefore, we are not convinced that Judge Mickelson either misconceived or misapplied the applicable law of Iowa to the facts here. We think his determination was at least a permissible one. Weiby v. Farmers Mutual Automobile Insurance Co., 273 F.2d 327, 331, 8 Cir.; Village of Brooten v. Cudahy Packing Co., 8 Cir., 291 F.2d 284, 301; Luther v. Maple, 8 Cir., 250 F.2d 916, 919.

Affirmed.