JUDITH TORRES ET AL., demandantes y recurridos, *v.* AUTORIDAD METROPOLITANA DE AUTOBUSES, demandada y recurrente; CAROLINA CASUALTY INSURANCE COMPANY, tercera demandada y recurrida.

*Número:* R-64-153          *Resuelto:* 1ro. de febrero de 1965

---

[3] Para la disposición de ley vigente véase 9 L.P.R.A. sec. 653(b). Ley Núm. 141 de 20 julio 1960, Sec. 3–103.

*Picó & Rosa Silva,* abogados de la recurrente; *Héctor Martínez Muñoz,* y *José Enrique Otero,* abogados de la recurrida.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Asistida por su esposo José Manuel Fontánez, se incoó acción por Judith Torres contra la Autoridad Metropolitana de Autobuses en reclamación de daños sufridos que se atribuyen al conductor de uno de los ómnibus de la demandada por su exclusiva actuación negligente al poner el vehículo súbitamente en movimiento mientras la actora descendía del mismo. Alegóse además que como consecuencia de la caída sufrida la demandante recibió una contusión con abrasión en la rodilla derecha y otra contusión en el lado derecho de la frente, amén de otras lesiones, de las cuales fue atendida en el Hospital de la Capital sito en Río Piedras, y que, como parte del tratamiento se le administró suero antitetánico lo que le produjo una ansiedad severa manifestada por episodios de hemianestesia y adormecimiento del cuerpo y estados de agitación. Contestó la demandada e interpuso como defensa que el accidente descrito se debió a la negligencia única o concurrente de la demandante.

Ocho meses después[1] la Autoridad presentó una demanda contra tercero dirigida contra la Carolina Casualty Co., aseguradora del Gobierno de la Capital, fundándose en que, como entre los daños que se le reclamaban están los que se ocasionaron con motivo de la administración del suero antitetánico,[2] en el supuesto de que ella resultare responsable por los mismos, el municipio le sería a su vez responsa-

---

[1] La Regla federal 14(a)—enmendada para tener vigencia en 1ro de julio de 1963—dispone que la parte demandada deberá obtener permiso del tribunal para presentar una demanda contra tercero a menos que se radique dentro de 10 días de la notificación de la contestación. Véase, Nota, 43 Minn. L. Rev. 115 (1958).

[2] En la contestación a un interrogatorio la demandada informó que la reacción de ansiedad y el estado de agitación nerviosa eran consecuencia de una reacción alérgica antitoxoide antitetánica. Sobre la existencia de causa de acción en situaciones similares, véanse, *Castro* v. *Municipio de Guánica*, 87 D.P.R. 725 (1963) y *Sáez* v. *Municipio de Ponce*, 84 D.P.R. 535, 541 (1962).

ble a la demandada por todo o parte de la indemnización que se concediera. A petición de la Carolina Casualty Insurance Co. se desestimó la demanda contra tercero por resultar "improcedente a la luz de la Ley Municipal vigente."

██ Hemos resuelto repetidamente que cuando un daño es el resultado de la negligencia combinada de varias personas tales personas son responsables solidaria y mancomunadamente al perjudicado pudiendo incoarse una acción contra uno o todos los que ocasionan el daño, *Cole* v. *Escambrón Development Co.*, 73 D.P.R. 520, 536 (1952); *García* v. *Gobierno de la Capital*, 72 D.P.R. 138 (1951); *Rivera* v. *Great Am. Indemnity Co.*, 70 D.P.R. 825 (1950); *González* v. *White Star Bus Line*, 53 D.P.R. 659 (1938); *Cubano* v. *Jiménez et al.*, 32 D.P.R. 167 (1923). También hemos reconocido el derecho de contribución entre dos o más personas cuya negligencia combinada o concurrente ocasiona daño a un tercero, *García* v. *Gobierno de la Capital*, supra, y que la demanda contra tercero es el vehículo adecuado para traer ante el tribunal a cualquier causante del daño que no hubiese sido originalmente incluido como parte por el perjudicado. Véanse, Anotaciones, *Contribution between negligent tortfeasors at common law*, 60 A.L.R.2d 1366 (1958) y *Right of defendant in action for personal injury or death to bring in joint tortfeasor for purpose of asserting right of contribution*, 11 A.L.R.2d 228 (1950); Moore, *Federal Practice* (2a. ed.) vol. 3, § 14.11. Estos principios se invocan por la demandada recurrente para sostener la demanda de tercero en el presente caso.

██ Presumiendo que bajo la Regla 12.1 de las de Procedimiento Civil de 1958 una persona co-responsable puede ser traída al pleito por un demandado para responderle a él, y no directamente al demandante, de todo o parte de la reclamación original, cf. *Cortijo Walker* v. *Fuentes Fluviales*, 91 D.P.R. 574 (1964) y *Marcano Torres* v. *Fuentes Fluviales*, 91 D.P.R. 654 (1965), la situación que considera-

mos no permite aplicar los principios enunciados porque a) no se trata de un daño resultante por la negligencia combinada o concurrente de la Autoridad Metropolitana de Autobuses y el Gobierno de la Capital—la causa de acción en que se funda la demanda responde a la actuación negligente exclusiva del empleado de la demandada, sin intervención alguna del municipio [3]—y, b) aun aceptando que pudiera extenderse el palio de la contribución para incluir el supuesto de agravación de daños por el acto independiente de otra parte que no participó en la causa original del daño, [4] de las alegaciones—demanda y demanda contra tercero—no surge que en los actos atribuidos a los empleados municipales interviniera culpa o negligencia. El mero hecho de que la demandante haya sufrido una reacción alérgica no es índice de negligencia.

No es necesario, por tanto, que resolvamos si la falta de la notificación requerida por el Art. 96 de la Ley Municipal, 21 L.P.R.A. sec. 1603, *Mangual et al.* v. *Tribunal Superior*, 88 D.P.R. 491 (1963), puede ser levantada como defensa por la compañía aseguradora del municipio. [5] Por los fundamen-

[3] *Ray* v. *Compañía Naviera Continental*, 3 F.R.Serv.2d 14 a 11, 25 F.R.D. 511 (1960), presentaba una situación similar. Se trataba de una acción en reclamación de daños por un accidente ocurrido en febrero de 1958. La parte demandada presentó una demanda contra tercero alegando que los daños reclamados eran atribuibles a otro accidente ocurrido en noviembre del mismo año como consecuencia de la negligencia del tercero demandado. Se desestimó la demanda contra el tercero por no tratarse de partes co-causantes del daño.

Véanse además, *Goldlawr, Incorporated* v. *Shubert*, 276 F.2d 614 (3d Cir. 1960) ; *Delano* v. *Ives*, 40 F.Supp. 672 (1941).

[4] En *Merced* v. *Gob. de la Capital*, 85 D.P.R. 552 (1962), dijimos que una persona responde a la perjudicada de los daños causados por su culpa o negligencia, así como también de los actos realizados por un tercero al suministrar la atención requerida por la lesión infligida, independientemente de que tales actos sean realizados en forma apropiada o negligente.

[5] Véase, Anotación, *Claim for contribution or indemnification from another tortfeasor as within provisions of statute or ordinance requiring notice of claim against municipality*, 93 A.L.R.2d 1385 (1964).

tos apuntados la demanda contra tercero deja de exponer hechos que puedan dar lugar a la concesión de remedio.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 18 de junio de 1964.*