Elena Serralta Hernández et al., demandantes, *v.* Félix Martínez Rivera y Cervecería Corona, Inc., demandados y terceros-demandantes, recurrente la segunda.

*Números:* R-68-34, R-68-35        *Resueltos:* 23 de junio de 1969

*Segurola & Romero,* abogados de Cervecería Corona, Inc., recurrentes; *Hartzell, Fernández, Novas & Ydrach,* abogados de Michelin, et Cie; *Fiddler, González & Rodríguez y Salvador E. Casellas,* abogados de Puerto Rico Tire, Inc.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El Tribunal consolidó estos recursos para fines de su decisión. En el R-68-34, la Cervecería Corona, Inc., recurre

del fallo de la Sala de San Juan del Tribunal Superior de 11 de septiembre de 1967 que desestimó una demanda de tercero contra la tercera-demandada Puerto Rico Tire, Inc. En el recurso R-68-35, la propia Cervecería Corona, Inc., recurre del fallo de la misma Sala, de igual fecha, que desestimó otra demanda de tercero contra la tercera-demandada Michelin et Cie. Ambos fallos se dictaron en el mismo pleito de daños.

Con motivo de un accidente de automóvil ocurrido el 9 de octubre de 1965, los perjudicados interpusieron demanda contra la recurrente Cervecería Corona, Inc., y su empleado Félix Martínez Rivera. Alegaron que mientras conducía un camión propiedad de la Cervecería, su empleado chocó negligente y culposamente el vehículo en que viajaban los demandantes. Cervecería Corona contestó la demanda y admitió la ocurrencia del accidente en la forma descrita en la misma. Alegó que el accidente fue uno de naturaleza fortuita.

Luego interpuso demandas de tercero contra Puerto Rico Tire, Inc., y contra Michelin et Cie como terceras-demandadas. Expuso en estas demandas de tercero la interposición de la demanda de daños contra ella, y alegó en la de Puerto Rico Tire, Inc.:

"3. Que en la producción de los referidos daños y en el accidente medió también la culpa y negligencia de Puerto Rico Tires, Inc. al venderle a la aquí compareciente una llanta que estaba defectuosa, lo cual sabía o debía haber sabido la tercera demandada. La referida llanta explotó inmediatamente antes del accidente mientras la misma era usada por el camión Ford Modelo 1961, Tablillas H 383-076.

4. Que de resultarle responsable la aquí compareciente a la demandante, por entender el Honorable Tribunal que medió negligencia de su parte, *la tercera demandada le es responsable a la aquí compareciente* por aquella suma que el Tribunal determine, más costas y honorarios de abogados." [Énfasis suplido.]

En la demanda de tercero contra Michelin et Cie, alegó la Cervecería:

"3. Que en la producción de los referidos daños y en el accidente medió también la culpa y negligencia de Michelin et Cie al manufacturar ésta y poner en el mercado la llanta que explotó inmediatamente antes del choque mientras era utilizada por el camión Ford modelo 1961, tablillas H 383-076.

4. Que la referida llanta fue adquirida o comprada por la aquí compareciente del agente o distribuidor de la aquí tercera demandada y no era apta, por ser defectuosa, para los propósitos para los cuales se vendió.

5. Que de ser responsable la aquí compareciente a la parte demandante, por entender el Honorable Tribunal que hubo negligencia de esta parte, hubo también negligencia de la aquí tercera demandada, por lo *que esta última le es responsable a la aquí compareciente* de la suma que el Hon. Tribunal en su día determine." [Énfasis suplido.]

La Súplica de la demanda de tercero se expuso en los siguientes términos:

"Por todo lo cual se solicita del Honorable Tribunal *que de resultar responsable la aquí compareciente a la demandante,* el Honorable Tribunal condene a la aquí tercera demandada, de la suma que el Tribunal estime que corresponde, más costas y honorarios de abogados." [Énfasis suplido.]

Ambas terceras-demandadas solicitaron la desestimación de las demandas de tercero (1) por ser improcedentes como cuestión procesal y (2) por estar prescritas las acciones. La Sala sentenciadora así lo falló y desestimó las demandas de tercero por los dos fundamentos expresados.

Al desestimar las demandas, la Sala sentenciadora se basó en la siguiente disposición de la Regla 12.1 de Procedimiento Civil que transcribió:

"En cualquier momento después de comenzado el pleito, el demandado podrá como demandante contra tercero notificar un emplazamiento y demanda a una persona que no sea parte en el pleito y que le sea o pueda serle responsable por toda o parte de la reclamación del demandante."

Sostuvo que las demandas de tercero eran ajenas al espíritu y a la letra de la anterior disposición, e invocó en su apoyo el fallo de este Tribunal en *Marcano Torres* v. *Fuentes Fluviales*, Sentencia de 20 de enero de 1965, publicada en 91 D.P.R. 654.[1]

Independientemente de la forma en que se entienda que fue resuelto el caso de *Marcano* en cuanto a las expresiones hechas, éste es enteramente distinguible del presente. Marcano fue un obrero que se lesionó en un accidente del trabajo y demandó a la Autoridad de las Fuentes Fluviales como causante del daño imputándole negligencia. Era la acción que permite el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo, traída por el propio obrero. La Autoridad demandada trajo al pleito como un tercero-demandado a Salvador L. Morales, quien resultaba ser el patrono asegurado del obrero, imputándole negligencia. El patrono y tercero-demandado solicitó sentencia sumaria a su favor alegando su inmunidad contra toda reclamación, bajo lo dispuesto en el Art. 20 de dicha Ley de Compensaciones por Accidentes del Trabajo.

La Autoridad, tercera-demandante, pretendió ahí sostener su derecho como tal tercera demandante bajo la teoría de la "contribución" entre co-causantes de un daño, adoptada aquí en el caso de *García* v. *Gobierno de la Capital*, 72 D.P.R. 138 (1951). La Sala de San Juan desestimó la demanda de tercero reconociendo así la inmunidad del patrono asegurado contra la negligencia que causó el accidente, y el remedio único del Art. 20 de la Ley. Este fallo fue confirmado por el Tribunal, 91 D.P.R. 654. Es obvio que el caso de *Marcano*

---

[1] El caso de *Marcano Torres* v. *Fuentes Fluviales* fue resuelto por una Sala compuesta por tres Jueces de este Tribunal. Según la sentencia publicada en 91 D.P.R., pág. 654, dos de los tres Jueces que entonces componían una Sala emitieron por separado opiniones concurrentes. El tercer Juez hizo constar que concurría en el resultado por los fundamentos expuestos en *Cortijo Walker* v. *Fuentes Fluviales*, 91 D.P.R. 574 (1964).

envolvía una situación de hecho y de derecho enteramente distinta, que no está envuelta en este caso, y que se regía por *Cortijo Walker* v. *Fuentes Fluviales*, antes citado, y otras decisiones nuestras. Véase, además, *Vélez* v. *Halco Sales, Inc.* 97 D.P.R. 438, resuelto en 18 de junio de 1969.

▮ Bajo la disposición de la Regla 12.1 que citó la Sala sentenciadora procedía la interposición de las demandas de tercero. Examinadas las alegaciones, la posición asumida por la Cervecería no es la de exonerarse de toda culpa sino la de que en el accidente, y junto a la culpa que ella pudiera tener, está también la culpa de las terceras-demandadas por las razones que expone. Las alegaciones envuelven la situación típica de la "distribución" de responsabilidad pecuniaria entre dos o más co-causantes de un daño, en que si bien bajo la doctrina que rige de acuerdo con nuestras decisiones es responsabilidad solidaria hacia el perjudicado, hemos permitido que entre los co-causantes haya la "distribución" de la responsabilidad pecuniaria al adoptar dicho criterio de "distribución" en el caso antes citado de *García* v. *Gobierno de la Capital*. Siendo ésa la situación que surge de las alegaciones, la Regla 12.1 arriba transcrita da pleno acomodo a las demandas de tercero en este caso. 11 A.L.R.2d 228 y ss.

Precisamente, en *Torres* v. *A.F.F.*, 94 D.P.R. 314 (1967), en que el Tribunal Superior encontró que en el accidente hubo negligencia concurrente de la demandada A.F.F. y de otra persona que no se trajo al pleito, y que al fijar la compensación pecuniaria de la perjudicada rebajó la parte proporcional correspondiente a la negligencia de ese tercero, sostuvimos que el Tribunal no podía cargarle la negligencia de esa otra persona a la perjudicada rebajándole de su compensación la parte proporcional de la culpa del tercero; y que siendo solidaria la responsabilidad de co-causantes de daños, si la A.F.F. quería tener el beneficio de esa rebaja

o "contribución" debía haber traído al pleito al tercero co-causante como un tercero-demandado, lo cual no había hecho.

El otro fundamento para desestimar las demandas de tercero fue que estas acciones estaban prescritas. La Sala sentenciadora aplicó el término de prescripción de 6 meses dispuesto por el Art. 1379 del Código Civil, ed. 1930, para las acciones que emanan de lo dispuesto en los Arts. 1374 a 1378, que tratan de la responsabilidad de un vendedor al comprador por los vicios o defectos ocultos—Art. 1374; del derecho a optar por la rescisión del contrato y rescisión con daños o por la rebaja proporcional del precio—Art. 1375; la restitución del precio y daños si la cosa vendida se perdiere por efecto de los vicios ocultos—Art. 1376; la pérdida por caso fortuito existiendo vicio oculto—Art. 1377; ventas judiciales—Art. 1378.

Pero los fallos se emitieron en moción para desestimar, y es preciso atenerse a las alegaciones. Las hemos transcrito al principio, y de ellas no surge que la Cervecería, tercera-demandante, como compradora de la goma, intentara ejercer derecho alguno bajo los Arts. 1374 al 1378. La tercera-demandante imputa a las terceras-demandadas culpa aquiliana, no contractual. Que existe causa de acción en la esfera del cuasi-delito por culpa o negligencia contra el vendedor o el fabricante de un producto, es norma de derecho que rige en nuestra doctrina civil. *Castro* v. *Payco, Inc.,* 75 D.P.R. 63 (1953), y las más reciente decisión de *Mendoza* v. *Cervecería Corona, Inc.,* 97 D.P.R. 499 (1969) en que hacemos un comprensivo estudio de esa responsabilidad.

Existiendo dicha causa de acción en esa esfera contra las terceras-demandadas, son igualmente de aplicación las normas sobre "distribución" de responsabilidad pecuniaria entre co-causantes de un daño, responsabilidad pecuniaria ésta que puede dilucidarse en una demanda de tercero.

*Se revocarán los fallos de la Sala de San Juan del Tribunal Superior que desestimaron las demandas de tercero en sus dos fundamentos, y se devolverán los autos para que dichas demandas sean contestadas y para ulteriores procedimientos compatibles con lo anteriormente dispuesto.*