JOSÉ A. DÍAZ BONILLA, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado.

*Número:* O-68-284      *Resuelto:* 7 de noviembre de 1969

A. *De Jesús Matos* y R. *De Jesús Cintrón,* abogados del peticionario.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En la Sala de San Juan del Tribunal Superior se interpuso demanda de Juana Vázquez Vda. de Velázquez y su hija menor contra José A. Díaz Bonilla, en reclamación de daños y perjuicios. La razón de pedir fue un alegado embargo ilegal que alegaron causó daños a los demandantes. Seguidos los trámites, el demandado José A. Díaz Bonilla interpuso demanda de tercero contra International Credit Agency, Inc., y Manuel Rodríguez Estrada, y después de exponer ciertos hechos, alegó "que de establecer la parte demandante en su día las alegaciones contenidas en la demanda original y obtener indemnización contra el demandado y tercero demandante José A. Díaz Bonilla, este Hon. Tribunal deberá dictar una sentencia igualmente contra los terceros-demandados International Credit Agency, Inc., y Manuel Rodríguez Estrada resarciendo al tercero-demandante por los daños que tenga que satisfacer a los demandantes originales, ya que de ser cierto lo alegado en la demanda, todos los terceros-demandados o cualquiera de ellos conjuntamente son responsables de haber obrado negligente, ilegal y culposamente."

La súplica de la demanda de tercero fue que en su día se dictara sentencia condenando a los terceros-demandados a satisfacer al tercero-demandante cualquier suma que dicho tercero-demandante viniera obligado a satisfacer por vía de indemnización a los demandantes originales.

La Sala de instancia dictó la siguiente sentencia: "Visto lo resuelto en Marcano vs. Autoridad de las Fuentes Fluviales, 91 D.P.R. 654, se desestima la demanda de Tercero. Regístrese y notifíquese."

Expedimos auto de *certiorari* para revisar dicha sentencia. (¹) La situación en derecho presente en este recurso es idéntica a la resuelta por el Tribunal recientemente en el de *Serralta* v. *Martínez Rivera*, 97 D.P.R. 466, decidido en 23 de junio de 1969. En éste, como en aquél, la Sala sentenciadora actuó invocando a *Marcano Torres* v. *Fuentes Fluviales*, sentencia de 20 de enero de 1965, 91 D.P.R. 654. En el caso de *Serralta* explicamos el fallo de *Marcano*, supra, y expusimos las razones por las cuales no es de aplicación a una situación como ésta. Y véase: *Vélez* v. *Halco Sales, Inc.*, 97 D.P.R. 438 (1969).

*Por los fundamentos expuestos en la decision del caso de Serralta, antes citado, se revoca la sentencia recurrida anteriormente transcrita, y se devuelve el caso a la Sala de instancia para que sea contestada la demanda contra tercero y para ulteriores procedimientos compatibles con lo aquí dispuesto.*

El Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Rigau y Dávila no intervinieron.

---

(¹) Técnicamente éste es un recurso de *revisión*, ya que en lo que concierne al tercero-demandante se dictó sentencia final. Pero, habiéndose notificado la petición de *certiorari* a la parte contraria, y habiéndose interpuesto dentro del término permisible de 30 días, tenemos jurisdicción para fallar en los méritos.