GERMÁN GONZÁLEZ, ETC., demandantes y recurridos, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente.

*Número:* R-69-335          *Resuelto:* 12 de noviembre de 1970

*Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del recurrente; *Francisco Parra Toro, Waldemar Del Valle López, Quintín Morales Ramírez* y *Manuel A. Frau Pietri,* abogados del Municipio de Ponce.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El 16 de febrero de 1967, los esposos Germán González y Herminia Colón, por sí y en representación como padres con patria potestad del menor Edgardo González Colón, presentaron ante el Tribunal Superior Sala de Ponce, una demanda sobre daños y perjuicios contra el Estado Libre Asociado de Puerto Rico. Se alegó en la demanda que para el día 16 de junio de 1960 el Estado Libre Asociado administraba y operaba en la ciudad de Ponce las instituciones hospitalarias conocidas como Hospital Valentín Tricoche y el Hospital de Distrito Dr. José N. Gándara; que en dicha

fecha el menor Edgardo González Colón fue llevado al Hospital Valentín Tricoche para atención médica, que allí le fue administrado negligentemente un suero en la pierna izquierda, desarrollándosele como consecuencia de ello una úlcera en dicha pierna, por lo cual tuvo que ser sometido a varias intervenciones quirúrgicas y que como resultado de todo ello quedó el menor con una cicatriz que le deformó su pierna izquierda.

Habiendo sido debidamente emplazado el Secretario de Justicia, el día 13 de febrero de 1968 presentó su contestación a la demanda.

El 28 de agosto de 1969 el Estado Libre Asociado radicó Demanda Contra Terceros contra el Municipio de Ponce alegando sustancialmente que para la fecha del accidente el Hospital Valentín Tricoche de Ponce y el Hospital de Distrito Dr. José N. Gándara, eran administrados y operados por el Municipio y por consiguiente la negligencia imputada al Estado Libre Asociado de Puerto Rico, de existir la misma, le será igualmente imputable al tercero demandado, Municipio de Ponce.

El 29 de septiembre de 1969 el Municipio de Ponce contestó la demanda contra tercero y el 6 de octubre del mismo año presentó una moción sobre sentencia sumaria alegando que tanto el Hospital Valentín Tricoche como el Hospital de Distrito de Ponce están administrados, operados, mantenidos y controlados por el Secretario de Salud de Puerto Rico. Se unió a la moción de sentencia sumaria copia del convenio celebrado entre el Municipio de Ponce y el Secretario de Salud el 28 de septiembre de 1962.

Con fecha 30 de octubre de 1969 el Estado Libre Asociado radicó una moción en oposición a sentencia sumaria alegando que de acuerdo con las cláusulas del contrato entre el Municipio de Ponce y el Departamento de Salud, dicho Municipio es también responsable de cualquier daño que se ocasione en

el Hospital Valentín Tricoche interviniendo culpa o negligencia de algún agente o empleado de este Hospital.

El día 10 de noviembre de 1969 el Tribunal Superior, Sala de Ponce, dictó sentencia sumaria declarando sin lugar la demanda contra tercero presentada por el Estado Libre Asociado.

No conforme con la sentencia dictada, el Estado Libre Asociado solicita la revisión de la sentencia del tribunal de instancia por entender que se cometieron los siguientes errores:

1. "Erró el tribunal sentenciador al concluir que de la faz del convenio celebrado entre el Municipio de Ponce y el Secretario de Salud el 28 de septiembre de 1962, es únicamente el Departamento de Salud del Estado Libre Asociado de Puerto Rico quien tiene la administración, operación, mantenimiento y control del Hospital Valentín Tricoche en Ponce.

2. "Erró el tribunal sentenciador al concluir que de acuerdo con las disposiciones de la Ley Núm. 213 de 15 de mayo de 1948, según enmendada, es únicamente el Departamento de Salud del Estado Libre Asociado de Puerto Rico quien tiene la administración, operación, mantenimiento y control del Hospital Valentín Tricoche en Ponce."

La cuestión principal planteada en este recurso es si el Municipio de Ponce responde o no a los daños que se ocasionen en el Hospital Municipal.

Por la Ley Núm. 213 de 15 de mayo de 1948, según enmendada [24 L.P.R.A. sec. 71], se facultó al Secretario de Salud a organizar, administrar, operar y reglamentar el funcionamiento, con fondos estaduales y municipales combinados, centros de salud en cualquier municipio de Puerto Rico con excepción del Gobierno de la Capital y a operar las facilidades hospitalarias municipales existentes en dichos municipios como centros de salud, previo convenio con los alcaldes, previa aprobación de las asambleas municipales.

La Sec. 2 de dicha ley(¹) faculta al Secretario de Salud a celebrar convenios con los gobiernos de dichos municipios para organizar, administrar y operar centros de salud y para operar las facilidades existentes en dichos municipios como centros de salud.

***

(¹) Dicha sección dispone:

"El Secretario de Salud queda por la presente facultado a celebrar convenios con los gobiernos de dichos municipios para organizar, administrar y operar centros de salud; para operar las facilidades existentes en dichos municipios como centros de salud; todo convenio especificará la aportación que le corresponde hacer al municipio y la que, mediante ordenanzas, será consignada en presupuesto; especificará también los dineros que asigne el Secretario de Salud de los fondos que se proveen por las secs. 71 a 74 de este título, y de los fondos que se asignen en el presupuesto funcional del Departamento para estos fines y los cuales serán presupuestados por el Secretario de Salud según las necesidades de la organización, administración, funcionamiento y compra de equipo del centro de salud; Disponiéndose, que el puesto en cada centro de salud que tenga como función básica la de auxiliar al Director Médico en las tareas administrativas, estará comprendido en el servicio sin oposición bajo las disposiciones de la Ley de Personal, secs. 641 a 678 del Título 3, y que, aquellos empleados que durante los nueve meses anteriores a la fecha de efectividad del convenio hayan estado prestando servicios en los hospitales municipales, o centros de salud devengando sueldos de fondos municipales, y cuyos puestos se transfieren para ser sufragados por el gobierno estatal, continuarán ocupando dichos puestos en calidad de empleados regulares del Servicio por Oposición, siempre que el alcalde haya certificado que sus servicios han sido satisfactorios. A dichos empleados se les asignará la retribución que corresponda de acuerdo con las escalas de la Ley de Retribución Uniforme, secs. 721 a 725 del Título 3, y se les transferirán las licencias regulares y por enfermedad que tuvieren acumuladas a la fecha del cambio, según las normas a este respecto establecidas por la Oficina de Personal; disponiéndose que la transferencia de licencia se limitará al máximo que permite la Ley de Personal.

"Se faculta al Director de Personal para seleccionar, en casos de vacantes ocurridas en dichos puestos, y cuando la Oficina de Personal no cuente con elegibles, candidatos de los registros que puedan haberse establecido para uso de aquellos municipios en los que exista un sistema de administración de personal sobre la base de mérito.

"En aquellos municipios con los cuales el Departamento de Salud entre en convenios, el Secretario de Salud queda autorizado a llevar a cabo mejoras de carácter permanente en la planta física de los hospitales y otras facilidades médicas, y a proveer mediante compra o transferencia cualquier equipo y suministro que se requieran para dar un servicio médico adecuado." (24 L.P.R.A., sec. 72, Sup. Acum. 1968.)

El Secretario de Salud, en consulta con el municipio determina el costo de los gastos de organización, administración, funcionamiento y equipo de cada centro de salud para cada año fiscal. La mitad de estos costos es aportada por el Departamento de Salud y la otra mitad es aportada por el municipio siempre que dicha cantidad no exceda del 35 por ciento del ingreso municipal estimado para gastos de funcionamiento de ese año fiscal. Los municipios pueden transferir al Departamento de Salud el total o la parte de los fondos para operación de los servicios de acuerdo como se convenga con el Secretario de Salud. 24 L.P.R.A. sec. 73.

A tenor con las disposiciones de la referida Ley Núm. 213, el Municipio de Ponce y el Secretario de Salud celebraron el siguiente convenio:

"....CONVENIO ENTRE EL GOBIERNO MUNICIPAL DE PONCE Y EL SECRETARIO DE SALUD DE PUERTO RICO PARA EL ESTABLECIMIENTO DE UN SISTEMA COMBINADO PARA EL MEJORAMIENTO DE LOS SERVICIOS DE SALUD. ................................................................................
............................................. COMPARECEN ....................................
....DE LA PRIMERA PARTE: El Gobierno Municipal de Ponce representado por su Alcalde, el Sr. Juan Luis Boscio. ..................
....DE LA SEGUNDA PARTE: El Departamento de Salud de Puerto Rico representado por el Secretario de Salud, Dr. Guillermo Arbona. ................................................................................
....Ambas partes acuerdan colaborar para el establecimiento de un sistema combinado, para el mejoramiento de los servicios de salud que se prestan a los habitantes de Ponce y de los municipios del Sur de Puerto Rico según mapa adjunto, y de acuerdo con las siguientes condiciones:
........1—El Departamento de Salud se compromete a asignar al Municipio de Ponce para llevar a cabo este convenio el siguiente personal:

A—Un médico administrador, aceptable al Alcalde, con experiencia y adiestramiento en la administración de servicios de salud para rendir labor a tiempo completo en estos servicios.

B—Personal de enfermería, laboratorio, administración o cualquier otro, según las necesidades del servicio, previo acuerdo con el Sr. Alcalde.

C—Un administrador para el Hospital Tricoche a tiempo completo.

Se entenderá que el personal antes mencionado mantendrá su status dentro de la Ley de Personal del Estado Libre Asociado de Puerto Rico para todos los efectos. Dicho personal deberá residir en la jurisdicción de Ponce.

........2—El Departamento de Salud aportará la cantidad que se considere necesaria para prestar estos servicios. Contribuirá además de sus fondos con medicamentos, materiales quirúrgicos y mantenimiento de equipo y planta física. ...................................

........3—El Departamento de Salud se compromete a hacer las reparaciones a la planta física y equipo que se consideren convenientes. Contribuirá además para la adquisición de nuevo equipo con fondos del Departamento de Salud y otros fondos que el Municipio pueda aportar. ............................................................

........4—El Departamento de Salud aportará para los gastos de funcionamiento (personal y otros gastos) de estos servicios hasta $200,000 y para el mejoramiento de la planta física y equipo hasta $70,000 durante el año fiscal 1962–63. ....................

........5—El Gobierno Municipal de Ponce para llevar a cabo este convenio se compromete a:

A—Proporcionar la planta física y equipo necesario, que incluye actualmente el Hospital Valentín Tricoche y los dispensarios en operación. ...............................................................

B—A designar el médico administrador que asigne el Departamento de Salud, como administrador de los servicios de Salud en Ponce y concederle y reconocerle la autoridad necesaria para reorganizar los servicios y dirigir la facultad médica, y en general administrar los servicios de salud en consulta con el Sr. Alcalde. ..............................................................

........6—El Secretario de Salud, previo acuerdo con el Sr. Alcalde y con el administrador de estos servicios establecerá las normas sobre prestación de servicios, elegibilidad para los mismos, administración, etc. Habrá además una Junta Asesora compuesta por el Alcalde de Ponce, el Presidente de la Asamblea Municipal de Ponce y tres Asambleístas que velarán por la buena administración de este convenio. ........................................................

Esta Junta tendrá facultad plena para intervenir en cualquier

asunto en relación con la administración de los servicios médicos hospitalarios a prestarse en Ponce. El Presidente de la Asamblea Municipal nombrará los otros tres Asambleístas que junto con él y el Alcalde compondrán esta Junta, lo que se notificará al Secretario de Salud de Puerto Rico, para su ratificación. ............

........7—El Gobierno Municipal de Ponce aportará de acuerdo al presupuesto Municipal para estos servicios la cantidad de $588,476.00 durante el año fiscal 1962–63.

........8—Este convenio entrará en vigor tan pronto sea firmado por las partes, previa aprobación por la Asamblea Municipal de Ponce. ..................................................................................................

........9—Los términos de este convenio podrá ser enmendados por acuerdo mutuo de las partes. ....................................................

........10—Este convenio podrá ser terminado por cualquiera de las partes siempre y cuando se le notifique a la otra con 90 días de antelación. ...........................................................................

Puerto Rico, a     de     de 1962.

DEPARTAMENTO DE SALUD DE P.R.
Por:

Dr. Guillermo Arbona<br>SECRETARIO

Municipio de Ponce
Por:

Juan Luis Boscio
ALCALDE

AFFIDAVIT NUM:

Jurado y suscrito ante mí por el Dr. Guillermo Arbona, Secretario de Salud de Puerto Rico y el Sr. Juan Luis Boscio, Alcalde de Ponce, a quienes conozco personalmente, hoy de     de 1962, en Puerto Rico.

NOTARIO PUBLICO"

De acuerdo con el convenio antes copiado la administración de los servicios de salud en Ponce, está a cargo del médico administrador que asigne el Departamento de Salud, pero dicha administración debe realizarse en consulta con el Alcalde. Las normas sobre prestación de servicios, elegibili-

dad para los mismos, administración, etc., son establecidas por el Secretario de Salud, pero previo acuerdo con el Alcalde y el administrador de estos servicios. La vigilancia por la buena administración del convenio está a cargo de una Junta Asesora compuesta por el Alcalde, el Presidente de la Asamblea Municipal y tres Asambleístas. Esta Junta tiene facultad para intervenir en cualquier asunto en relación con la administración de los servicios médicos hospitalarios a prestarse en Ponce. Para el año fiscal 1962–1963 el Municipio de Ponce aportó la cantidad de $588,476.00 para estos servicios.

Tanto de la Ley como del convenio surge que en Ponce se estableció un sistema combinado para la prestación de servicios médicos en los Centros de Salud de aquella ciudad.

■ El Municipio de Ponce no concedió la plena administración de dichos centros al Secretario de Salud. Por el contrario, y conforme al convenio, tiene ingerencia directa y sustancial en la administración de esos servicios. Responde también, por tanto, dicho municipio de los daños y perjuicios reclamados en la demanda, de probarse la negligencia alegada y la cuantía de dichos daños.

■ Cuando la negligencia combinada o concurrente de dos o más personas ocasiona un daño la demanda contra tercero es el vehículo adecuado, dentro de nuestro ordenamiento procesal civil, para traer ante el tribunal a cualquier causante del daño que no hubiese sido originalmente incluido como parte por el perjudicado. *Parrilla García* v. *Fuentes Fluviales,* 92 D.P.R. 168 (1965); *Torres* v. *A.M.A.,* 91 D.P.R. 714 (1965); *Serralta* v. *Martínez Rivera,* 97 D.P.R. 466 (1969).

*Se revocará la sentencia sumaria dictada por la Sala de Ponce del Tribunal Superior, en 10 de noviembre de 1969, y se devuelve el caso para ulteriores procedimientos.*

El Juez Presidente, Señor Negrón Fernández, no intervino.